David A. Hubbert
Deputy Assistant Attorney General

Tijuhna A. Green (TXBN 24106025)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-616-3340
202-307-0054 (f)
Tijuhna.A.Green@usdoj.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>v.<br><br>CODY J. CHRISTENSEN;<br>SARA CHRISTENSEN;<br>REPUBLIC SILVER STATE DISPOSAL; LAS VEGAS VALLEY WATER DISTRICT;<br>CLARK COUNTY, NEVADA,<br><br>                          Defendants. | Case No. 2:22-cv-00605-JAD-BNW<br><br>**UNITED STATES' MOTION FOR ORDER COMPELLING DISCOVERY AND SANCTIONS AGAINST CODY CHRISTENSEN**<br><br>**ORAL ARGUMENT REQUESTED** |

      Defendant, Cody Christensen, has continuously failed to cooperate with discovery. The United States has attempted to depose Mr. Christensen, issued written discovery requests, and requested the production of his initial disclosures. As of June 2, 2023, however, Mr. Christensen has produced no documents or responses to the United States' discovery requests. Additionally, Mr. Christensen's failure to appear at his first scheduled deposition. Due to his lack of responsiveness, the United States was compelled to cancel his second deposition and is skeptical that Mr. Christensen will appear for a noticed deposition without court intervention. As a result of Mr. Christensen's repeated failure to comply with his discovery obligations, sanctions, including the entry of default judgment against him is appropriate. Alternatively, the United States requests an order compelling Mr. Christensen to serve his initial

disclosures, respond to the United States' First Set of Interrogatories, produce documents in response to the United States' First Set of Requests for Production, and sit for a deposition. Further, the United States seeks its costs associated with the deposition of Cody Christensen originally scheduled for March 2, 2023.

## CERTIFICATION OF CONFERRAL

Pursuant to Federal Rule of Civil Procedure 37(a)(1), the United States has attempted to confer with Mr. Christensen regarding the United States' outstanding written discovery requests as well as the depositions scheduled for March 2, 2023 and June 1, 2023. The United States' latest attempt to confer regarding this matter was May 31, 2023. Mr. Christensen, however, did not respond to undersigned counsel's phone calls or email. As explained below, Mr. Christensen has repeatedly failed to comply with his discovery obligations, despite the United States' multiple attempts to resolve this dispute without court action.

## BACKGROUND

On April 11, 2022, the United States filed its Complaint to reduce to judgment the unpaid federal tax liabilities of Cody J. Christensen and to foreclose on real property located at 3238 E. Oquendo Road, Las Vegas, Nevada 89120 ("Subject Property"). ECF No.1. The United States claims that federal tax liens encumber the Subject Property. These federal tax liens relate to defendant Cody J. Christensen's federal income tax liabilities for tax years 2007–2008 as well as trust fund recovery penalties assessed against him related to unpaid employment taxes of Corporate Capital Team, Inc. for all four quarters of tax year 2009. ECF No. 1, ¶¶ 23 & 26. On September 2, 2022, the United States served its initial disclosures on Mr. Christensen. The United States has also served written discovery and notices of deposition. Mr. Christensen, however, has not cooperated with discovery. Not only has

he failed to serve his initial disclosures, but he has also failed to respond to the United States' written

discovery or to appear at his deposition.

        **i.**    **Mr. Christensen's failure to produce his initial disclosures.**

On September 1, 2022, the Court issued a Scheduling Order setting the Rule 26(a) initial

disclosure deadline as September 2, 2022. ECF No. 25. On September 2, 2022, the United States served

its initial disclosures on Mr. Christensen via FedEx. Since that date, Mr. Christensen has advised

undersigned counsel that he would send his initial disclosures. ECF Nos. 29, 32. As of the date of this

filing, however, Mr. Christensen has not served his initial disclosures despite requests from undersigned

counsel. Decl. of Tijuhna A. Green ¶ 28 ("Green Decl.").

        **ii.**    **Mr. Christensen's failure to respond to written discovery.**

On January 31, 2023, the United States served its First Set of Requests for Admission, First Set

of Request for Production, and First Set of Interrogatories on Mr. Christensen. Ex. 1; Green Decl. ¶ 6.

The United States' written discovery requests were delivered to Mr. Christensen's address on February

6, 2023. Ex. 2. Mr. Christensen's initial deadline to respond the United States' written discovery was

March 8, 2023. Shortly after that date, counsel for the United States emailed and contacted Mr.

Christensen by phone requesting a status on his responses to the United States' written discovery.

Green Decl. ¶ 17. Mr. Christensen did not respond. *Id.* On March 21, 2023, Mr. Christensen advised

undersigned counsel that he had not responded to the United States' written discovery requests because

he believed someone stole his mail. Green Decl. ¶ 18. As a result, he requested more time to respond

and stated that he would also send his initial disclosures to undersigned counsel by March 28, 2023. *Id.*

The United States sent courtesy copies of its written discovery requests to Mr. Christensen on March

27, 2023, with an agreed upon response date of April 10, 2023. Ex. 3; Green Decl. ¶ 20. But Mr.

Christensen did not provide responses by that date.

The United States emailed Mr. Christensen on April 20, 2023, May 17, 2023, and May 19,

2023, regarding the outstanding discovery. Ex. 4; Green Decl. ¶¶ 20, 23. On May 20, 2023, Mr.

Christensen finally responded to the United States' email by attaching a FedEx label and claiming that

he sent his responses to the United States. The tracking number, however, revealed that a package was

never provided to the carrier. Ex. 5; Green Decl. ¶ 23. Undersigned counsel advised Mr. Christensen of

the error, and he stated that he would resend his responses to the discovery requests by May 25, 2023.

Ex. 5; Green Decl. ¶ 24. As of the date of this filing, Mr. Christensen has failed to serve his initial

disclosures or respond to the United States' written discovery requests. Green Decl. ¶¶ 27–28.

### iii.   Mr. Christensen's failure to appear at his deposition.

On January 26, 2023, the United States noticed a deposition for March 2, 2023 to take Mr.

Christensen's oral testimony. Ex. 6; Green Decl. ¶ 5. Prior to noticing the deposition, undersigned

counsel conferred with Mr. Christensen to select the date and confirm his availability. *Id.* On January

27, 2023, the Notice of Taking Cody Christensen's Deposition was delivered to Mr. Christensen's

address. Ex. 7.  The Notice confirmed that Mr. Christensen's deposition would take place at the U.S.

Attorney's Office for the District of Las Vegas on the agreed-upon date. *Id.* A reminder regarding the

deposition was also e-mailed to Mr. Christensen.[1]

The morning of the deposition, however, Mr. Christensen emailed undersigned counsel claiming

that he had received no information about the deposition and stating he was not sure if the deposition

was set for that date. Ex. 8; Green Decl. ¶ 8. In response, undersigned counsel contacted Mr.

Christensen by phone to discuss the deposition. Green Decl. ¶ 9. Mr. Christensen asked to push the start

---

[1] Mr. Christensen claims that he no longer has access to the email address used by the United States. But this is irrelevant given that the notice was also physically delivered to him prior to the deposition.

time of the deposition to 10:00 AM and confirmed that he would appear. *Id.* Mr. Christensen, however, never appeared and ignored nearly all of undersigned counsel's phone calls that day. Green Decl. ¶ 10; *See also* Ex. 9 (Depo. Tr. Cody Christensen, Mar. 2, 2023) ("Tr. Mar. Depo."). During undersigned counsel's last attempt to contact him on March 2, 2023, Mr. Christensen declined to attend the deposition stating that "he had work obligations and he thought he could show up, but he couldn't." *Id.* ¶¶ 7:3–5. He was then advised that the United States would re-notice his deposition, seek costs related to the deposition, and extend discovery. *Id.* At first, Mr. Christensen consented to the relief requested. Once undersigned counsel provided an estimate of its costs, however, Mr. Christensen objected.

At any rate, the parties stipulated to extend discovery and reset Mr. Christensen's deposition date to June 1, 2023. *See* ECF Nos. 32–33; Green Decl. ¶¶ 18, 21. On May 9, 2023, the United States issued its Second Notice to depose Cody Christensen. Ex. 10. Given the concerns about Mr. Christensen's appearance, the United States also issued a subpoena to accompany the Notice. On May 17, 2023, however, an occupant of Mr. Christensen's residence informed the United States' process server that Mr. Christensen was "out of town for a month and would not give any other information." Ex. 11. That same day, as well as on May 23, 2023, undersigned counsel contacted Mr. Christensen about his appearance, but did not receive a response. Green Decl. ¶ 22. Undersigned counsel also emailed Mr. Christensen on May 17, 2023, and May 19, 2023, to clarify his location and requested confirmation of his attendance by May 22, 2023. Ex. 4. Mr. Christensen, however, did not accept the United States' calls, respond to any voicemails, or respond to the United States' emails before that date. *Id.*

Despite Mr. Christensen's non-responsiveness, undersigned counsel contacted Mr. Christensen by phone a final time on May 25, 2023, to resolve these issues. Green Decl. ¶ 24. This time, he answered. Despite initially denying that he had left town, Mr. Christensen eventually stated that he would appear for the deposition and that he'd send his responses to the written discovery requests.

Green Decl. ¶¶ 24–25. To avoid the need to notice Mr. Christensen for a third deposition, undersigned

counsel advised that his responses and documents would need to be produced prior to his deposition.

Shortly afterward, undersigned counsel sent an email memorializing the discussion. Ex. 12. Despite

acknowledging the email, Mr. Christensen still did not send his responses or produce any documents.

*Id.* On May 31, 2023, undersigned counsel contacted Mr. Christensen by phone twice, left a voicemail,

and sent an email regarding the deposition and outstanding written discovery requests. Green Decl. ¶

26; Ex. 13. Due to Mr. Christensen's lack of responsiveness, undersigned counsel advised Mr.

Christensen that the deposition would be cancelled and that court intervention would be sought to

compel his compliance. As of the date of this filing, Mr. Christensen has not responded.

Given Mr. Christensen's unrepresented status, undersigned counsel has repeatedly attempted to

resolve these issues by phone. Mr. Christensen, however, rarely responds. Because he continues to

blatantly ignore his discovery obligations, he should be compelled to produce responses to the United

States' written discovery, appear for a deposition at the U.S. Attorney's Office for the District of Las

Vegas, and ordered to pay the United States' costs associated with the deposition scheduled for March

2, 2023.

**ARGUMENT**

On notice to other parties and all affected persons, a party may move for an order compelling

disclosure or discovery. Fed. R. Civ. P. 37(a). In response, the court can compel disclosure or discovery.

*Id.* Additionally, the court may allow sanctions against a party who fails to comply with a court order,

including an order made pursuant to Rule 26(f). Fed. R. Civ. P. 37(b)(2). These sanctions include

compelling the nonmoving party to fully participate in discovery, prohibiting the offending party from

supporting or opposing certain claims or defenses; staying further proceedings until the party complies

with the discovery order; ordering the offending party to pay reasonable costs and expenses caused by

its delinquency, and rendering default judgment against the offending party. Fed. R. Civ. P. 37(b)(2)(A)(i)-(iv). Mr. Christensen's actions warrant such sanctions.

### A.  Issuing default judgment against Mr. Christensen is justified.

When a defendant fails to obey an order to provide or permit discovery, a district court may impose default judgment as a sanction against the defendant. Fed. R. Civ. P. 37(b)(2)(A)(vi); *Comput. Task Grp. Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004). "[A] default judgment sanction is 'a harsh penalty imposed only in extreme circumstances,'" *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012) (quoting *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011)), and thus requires a finding that the discovery "violations were 'due to willfulness, bad faith, or fault of the party.'" *Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 771 (9th Cir. 1995) (quoting *United States ex rel. Wiltec Guam, Inc. v. Kahuluu Constr. Co.*, 857 F.2d 600, 603 (9th Cir. 1988)).

The court must consider five factors before imposing a default judgment as a sanction: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Dreith*, 648 F.3d at 788. "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

Default judgment is warranted here. First, default judgment benefits the public interest because significant time, resources, and taxpayer funds have already been expended trying to engage Mr. Christensen in the discovery process. Mr. Christensen has shown no indication that he will participate in good faith with the remaining discovery which puts even more of the United States' resources at risk.

Second, default judgment would benefit the Court's need to manage its docket. If Mr. Christensen continues to impede the discovery process – which is likely – the United States will be forced to move for further sanctions, including default judgment. By granting default judgment now, the Court could avoid further duplicate filings and decisions.

Third, default judgment would not disproportionately benefit the United States. The United States has Form 4340s which are presumptively correct. Thus, the burden would shift to Mr. Christensen to rebut the presumption of correctness of his unpaid federal tax liabilities. Further, the statements in the United States' Requests for Admission are deemed admitted, thus resolving material facts in this suit. Fed. R. Civ. P. 36(a)(3). Ex. 1. As of the date of this filing, Mr. Christensen has provided no documents supporting his defense, despite repeated requests for production, nor has he proffered a valid defense. *See generally* ECF No. 20., Def.'s Answer. Fourth, because the United States has evidence proving its case, disposition of the case now would benefit judicial efficiency without unduly prejudicing the Defendant. Finally, while lesser sanctions do exist, Mr. Christensen has shown himself to be immune to the threat of sanctions. Despite repeated assurances that the United States would seek sanctions for his dilatory behavior, Mr. Christensen has continued his obstructive behavior. He likely will not change his behavior even in the face of a lesser sanction.

Thus, default judgment is the most efficient and effective outcome available to the Court.

### B. Alternatively, the Court should compel Mr. Christensen to provide initial disclosures and respond to the United States' Interrogatories and Requests for Production.

A party served with written discovery requests must provide complete and truthful responses to all types of discovery requests. *See* Fed. R. Civ. P. 26(g)(1). A party may move to compel discovery if "(i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to respond that inspection will be permitted—or fails to

permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(i), (ii), (iii), and (iv);

*Duensing v. Gilbert*, 2013 WL 4039411 (D. Nev. Aug. 5, 2013).

The United States served its Requests for Admission,[2] Requests for Interrogatories, and Requests for the Production of Documents on Mr. Christensen on February 6, 2023. Mr. Christensen, however, did not respond by the March 8, 2023, deadline. In an effort to resolve this issue without court intervention, the United States sent courtesy copies of the United States' written discovery to Mr. Christensen and extended his deadline by agreement, to April 10, 2023. Mr. Christensen still did not respond. Prior to filing this motion, undersigned counsel requested a final status of Mr. Christensen's responses to discovery to avoid cancelling the deposition scheduled for June 1, 2023. On May 25, 2023, Mr. Christensen advised that he would send his discovery responses to undersigned counsel that day (a week prior to his deposition date). Yet as of the date of this motion, the United States still has not received Mr. Christensen's responses to its written discovery requests.

Mr. Christensen's failure to respond to *any* of the United States' requests for discovery despite warnings that the United States would seek court action highlights his desire to delay these proceedings. The United States has taken significant efforts to resolve these issues without court action, and accounting for Mr. Christensen's unrepresented status. Mr. Christensen's lack of responsiveness to the United States' attempts to confer, however, demonstrates an indifference to his obligations as litigant. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (holding that pro se parties are not excused from following the rules and orders of the court). Despite Mr. Christensen's repeated claims that his discovery responses were forthcoming, he has consistently failed to comply with his discovery obligations. Further, his failure to produce any information related to this case has caused significant

---

[2] The United States' Requests for Admissions are deemed admitted due to Mr. Christensen's failure to respond within thirty days after service. Fed. R. Civ. P. 36(a)(3). Thus, the United States only seeks to compel his responses to the Requests for Interrogatories and Requests for the Production of Documents.

delay and should result in sanctions. *See Pickett v. Nev. Bd. of Parole Comm'rs*, 2012 WL 1376969, *1,

*4–*6 (D. Nev. Apr. 19, 2012) (compelling discovery and awarding sanctions against defendant who

failed to engage in discovery).

For these reasons, he should be ordered to respond to the United States' Requests for

Interrogatories and Requests for the Production of Documents and to produce his initial disclosures

within fourteen days of the Court's Order.

### C.  The Court should compel Mr. Christensen to appear at a deposition.

Federal Rules of Civil Procedure 30 and 37 allow the Court to impose sanctions against the

delinquent party in response to a party's failure to appear in response to a proper deposition notice. The

Court may compel the party to attend the deposition and properly answer questions. Fed. R. Civ. P.

37(a)(3)(B). If the moving party's motion under Federal Rule of Civil Procedure 37 is granted, the Court

must require the offending party to pay the movant's reasonable expenses and attorney's fees incurred in

making the motion. Fed. R. Civ. P. 37(a)(5)(A). The Court may also order additional monetary sanctions

for reasonable costs and fees caused by the offending party's failure to attend their deposition or their

obstruction of their deposition. Fed. R. Civ. P. 30(d)(2), 37(d)(3). The Court has broad discretion to

impose these sanctions. *Payne v. Exxon Corp.*, 121 F.3d 503, 307 (9th Cir. 1997).

The Court should compel Mr. Christensen to attend his deposition because his absence at his first

deposition was not justified nor was his failure to confirm his appearance at the second deposition by

May 22, 2023.  Mr. Christensen did not provide a valid reason for failing to attend the first noticed

deposition. Nor did he move for a protective order or challenge the deposition in any way. Rather, he

claimed that he did not appear for the deposition because "he thought he could make it but couldn't."

This basis is not justified. He also claimed that the United States' notice was ineffective to compel his

appearance. Even if Mr. Christensen claims that he was unaware of the deposition, the United States

properly noticed the deposition and it was delivered to his address of record. *See Carter v. McGowan*,

524 F. Supp. 1119, 1121 (D. Nev. 1981) (mailing a notice of deposition of to the deponent's last known address is sufficient and nonreceipt is not a valid excuse); *see also* Fed. R. Civ. P. 30(b)(1) (a proper notice states "the time and place of the deposition and, if known, the deponent's name and address."). Thus, the United States' Notice was proper, and Mr. Christensen had to attend his deposition on March 2, 2023, absent a court order excusing his presence. *See Jules Jordan Video, Inc. v. 144942 Can. Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010) ("a simple notice of deposition is sufficient to compel [a party's] attendance").

Mr. Christensen's lack of communication regarding his second-noticed deposition is also unreasonable and undermined the credibility of his appearance at the second deposition resulting in its cancellation. The United States relied on Mr. Christensen's representations about his availability when setting his second-noticed deposition for June 1, 2023. Mr. Christensen, however, failed to respond by May 22, 2023 to confirm his appearance and alleviate any concerns that he would not be in town. That said, undersigned counsel continued to reach out to Mr. Christensen about his appearance at a deposition and production of documents before the deposition. Despite asserting that he would provide his responses and produce documents on May 25, 2023, so that his deposition could proceed on June 1, 2023, as scheduled, Mr. Christensen failed to do either. As a result of his failure to complete steps in furtherance of his deposition coupled with his failure to appear at his March 2, 2023 deposition, the United States was compelled to cancel his deposition to avoid wasting additional resources on a questionable deposition.

For these reasons, the Court should compel Mr. Christensen to appear at a deposition in this case. Further, as discussed below, the United States is entitled to its costs related to the March 2, 2023, deposition.

**D.  The Court should impose monetary sanctions against Mr. Christensen for the United States' costs to attend the depositions as noticed.**

Rule 30 allows and Rule 37 mandates sanctions and awards of attorneys' fees and costs against a party who frustrates or fails to appear for a deposition. Rule 37(d) provides for monetary sanctions against a party who does not attend their own deposition. Rule 37(d)(3) allows the Court to order the party who did not appear at their deposition "to pay reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Mr. Christensen's actions warrant sanctions under Rule 37(d) for the United States' reasonable costs and expenses incurred to attend his deposition. Mr. Christensen refused to appear at his properly noticed deposition, and provided a flimsy, unjustified rationale for doing so. The United States' notice of deposition included the time and place of the deposition (which the United States coordinated with Mr. Christensen in advance) and Mr. Christensen's name and address. This notice was sufficient to compel Mr. Christensen's attendance. *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010). And Mr. Christensen bears the burden of proving otherwise. *Rapp v. Hampton Mgmt. LLC*, 2018 WL 5777416, at *1 (D. Mont. Nov. 2, 2018) ("The party resisting discovery bears the burden of showing why the discovery should not be allowed.") (*citing Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). Mr. Christensen should thus be compelled to attend his deposition in person.

The United States informed Mr. Christensen that the deposition would proceed as scheduled and when Mr. Christensen did not appear, took reasonable steps to contact him. Further, the United States held the deposition open to accommodate Mr. Christensen's work-related issues. Despite making representations that he would appear, albeit late, Mr. Christensen never showed up. Undersigned counsel had traveled to Las Vegas for the deposition and incurred significant expenses doing so. Not including attorney's fees, the United States incurred $475.00 in court reporter costs and $1,090.51 in flight, hotel, and rental car costs, Green Decl. ¶¶ 15–16. The Court should thus impose sanctions on Mr. Christensen

1

2

3

**E.  If the Court grants this Motion, it must require Mr. Christensen to pay the United States' costs and fees in making this Motion.**

4      Pursuant to Rule 37(a)(5)(A), the offending party must pay reasonable expenses if the Court

5   grants a motion under Rule 37. If this motion succeeds, the Court "must, after giving an opportunity to

6   be heard, require the party or deponent whose conduct necessitated the motion, the party of attorney

7   advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion,

8   including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

9

10      When a court awards reasonable attorneys' fees to the government, the hourly rate in the local

11   legal community is the benchmark for determining the amount of attorneys' fees to be imposed. *See*

12   *Gonzalez v. City of Maywood,* 729 F.3d 1196, 1205 (9th Cir. 2013). "Within this geographic community,

13   the district court should 'take into consideration the experience, skill, and reputation of the attorney or

14   paralegal.'" *Id*. This result is supported by the Supreme Court's conclusion that "reasonable fees" under

15   fee-shifting statutes such as 42 U.S.C. § 1988 "are to be calculated according to the prevailing market

16   rates in the relevant community," regardless of whether the litigant is represented by private or nonprofit

17   counsel. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). As relevant here, hourly rates in the range of $250-

18   $400 have been found to be reasonable in the Las Vegas community. *Balik v. Cnty. of Ventura*, No.

19   222CV00679CDSVCF, 2022 WL 2340850, at *2 (D. Nev. June 29, 2022).

20

21      At a minimum, the government should be awarded a rate equal to the rate referenced in the Equal

22   Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(2)(A); *see United States v. City of Jackson, Miss*.,

23   359 F.3d 727, 734 (5th Cir. 2004); *United States v, Pivaroff*, 2015 WL 5089793, at *10 (D. Nev. Aug.

24   27, 2015). Under EAJA, the current maximum hourly rate is $125. *See* 28 U.S.C. § 2412(d)(2)(A).

25   District courts may adjust the maximum rate of $125 to compensate for an increase in the cost of living.

26   *Id*. District courts determine the cost-of-living adjustment by multiplying the basic EAJA rate by the

27   current Consumer Price Index for Urban Consumers (CPI-U), and then dividing the product by the CPI-

28

U in the month that the cap was imposed (March 1996). *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001); *Ramon-Sepulveda v. INS*, 863 F.2d 1458, 1463, n. 4 (9th Cir. 1988).

The CPI-U for March 1996 is 155.7, and the CPI-U for April 2023, the last month available, is 303.363.[3] Therefore, the applicable EAJA rate to be applied in this case, rounded to the nearest dollar is ($125x303.363) /155.7 or $244. There is no question this is a reasonable rate, as it is in fact slightly below the lowest prevailing market rate. In this case, Trial Attorney, Tijuhna A. Green, spent a total of 11.5 hours preparing and filing the motion to compel and related documents. Green Decl. ¶ 31. Thus, at the applicable EAJA rate, the total amount due to the United States for 11.5 total hours of attorney time is $2,806.

### F. If the Default Judgment is not entered, the Court's Scheduling Order should be extended.

If case dispositive sanctions are not awarded, good cause exists to extend the Court's Scheduling Order deadlines by sixty days. Alternatively, if no order is entered before the close of discovery, the United States requests an order extending the discovery deadlines by sixty days following the Court's order compelling Mr. Christensen's participation.

Pursuant to Local Rule 26-3, the Court may extend its Scheduling Order deadlines upon a showing of good cause. "The 'good cause' inquiry focuses mostly on the movant's diligence." *Victor v. Walmart*, 2021 WL 3745190, *1, *2 (D. Nev. Apr. 8, 2021). Good cause exists if the court's deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

Should case-dispositive motions not be awarded, good cause exists to grant the requested extension. The discovery cut-off deadline is sixty-seven days from today's date – August 8, 2023. As

---

[3] U.S. Dep't of Labor Bureau of Labor Statistics, Consumer Price Index (CPI) Detailed Report, https://www.bls.gov/news.release/cpi.t01.htm (last visited on June 2, 2023).

discussed above, however, Mr. Christensen has not willingly participated in discovery to date. Without a court order compelling Mr. Christensen to serve his initial disclosures and his responses to the United States' First Set of Requests of Interrogatories and Requests for the Production of Documents, it is unlikely that any discovery will be produced. Furthermore, Mr. Christensen still needs to appear for a deposition. Consequently, that leaves undersigned counsel with limited time to obtain documents from Mr. Christensen, depose Mr. Christensen, and pursue a second motion to compel should it become necessary. Because undersigned counsel will not be able to obtain the requested discovery without court action, the Court's scheduling order deadlines should be extended by at least sixty days. *See Pickett,* 2012 WL 1376969, at *6 (finding good cause to extend deadlines based on non-movant's failure to participate in discovery).

The United States proposes amending the Court's Deadlines as follows:

| EVENT | Current Deadline | Proposed Deadline |
|---|---|---|
| Discovery Cut-off | **August 8, 2023** | October 7, 2023 or 60 days from the Court's Order |
| Fed. R. Civ. P. 26(a)(3) Disclosures (Experts) | **June 8, 2023** (60 days before the close of discovery). If necessary, disclosures regarding rebuttal of experts will be disclosed by this date. | August 7, 2023 or 60 days before the close of discovery, whichever is later. |
| | **July 8, 2023** (30 days before the close of discovery). If necessary, disclosure of rebuttal expert testimony will be made by this date. | September 6, 2023 or 30 days before the close of discovery, whichever is later. |
| | **August 8, 2023**. All expert discovery to be concluded by this date. | October 7, 2023 or the close of discovery, whichever is later. |
| Dispositive Motion Deadline | **September 7, 2023** (30 days from the discovery cutoff) | November 6, 2023 or 30 days after the close of discovery, whichever is later. |
| Pretrial Order Deadline | **October 9, 2023** (unless the parties file dispositive motions, in which case the pretrial order will be due 30 days after the Court issues a decision on the motions) | December 8, 2023 or 60 days after the close of discovery, whichever is later (unless the parties file dispositive motions, in which case the pretrial order will be due 30 days after the Court issues a decision on the motions) |

| Fed. R. Civ. P. 26(a)(3) Disclosures | The parties will make these with the pretrial order. |

For these reasons, the United States requests that the discovery deadline be extended by sixty-days or if no order is entered before the close of discovery, sixty-days from the date of the Court's Order compelling Mr. Christensen's participation, with the other days in the Scheduling Order to be adjusted by a commensurate amount of time as set forth above.

## CONCLUSION

Mr. Christensen has continuously delayed and obstructed discovery. Despite warnings from the United States that sanctions may be appropriate, Mr. Christensen repeatedly interfered with the United States' ability to gather evidence. In doing so, Mr. Christensen disobeyed the Court's discovery order and knowingly wasted the United States' resources and its counsels' time. The Court should sanction Mr. Christensen for his willful obstruction and unwillingness to participate in discovery in good faith by granting default judgment against him. If the Court is not inclined to enter default judgment at this stage, the United States requests that Mr. Christensen be compelled to participate in discovery, the discovery deadlines be extended by sixty days from the date of the Court's Order with remaining deadlines adjusted accordingly, and that the United States be awarded its costs and fees.

Dated: June 2, 2023

David A. Hubbert
Deputy Assistant Attorney General

## **ORDER**

IT IS ORDERED that ECF No. 34 is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Mr. Christensen is ordered to provide Plaintiff with initial disclosures within 14 days of this Order (by July 5, 2023).

IT IS FURTHER ORDERED that Mr. Christensen must appear for his deposition.

IT IS FURTHER ORDERED that Mr. Christensen must pay Plaintiff for the costs associated with his missed deposition.

IT IS FURTHER ORDERED that ECF No. 34 is DENIED in all other respects.

**IT IS SO ORDERED**

**DATED:** 5:40 pm, June 21, 2023

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

**CERTIFICATE OF SERVICE**

I further certify that on this 2nd day of June 2023, I caused a true and complete copy of the foregoing document to be served by first-class mail, postage prepaid, to the following persons at the following address:

Cody J. Christensen
3238 E. Oquendo Rd.
Las Vegas, NV 89120

s/ Tijuhna A. Green
TIJUHNA A. GREEN
Trial Attorney, Tax Division
