1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

United States of America,

     Plaintiff

v.

Cody J. Christensen, et al.,

     Defendants

Case No.  2:22-cv-00605-JAD-BNW

**Order**

ECF Nos. 59 & 60

     This was an action by the United States government to reduce to judgment trust-fund recovery penalties and federal income-tax assessments owed by defendant Cody Christensen and to foreclose upon the liens on his property to satisfy his tax liability. This case ended more than a year ago when the court granted summary judgment in favor of the government and against Christensen.[1]  He later appealed, but the Ninth Circuit Court of Appeals dismissed that appeal for lack of jurisdiction.[2]  This case remains closed.

     Christensen has now filed something he's titled a "Judicial Notice and Constitutional Challenge."[3]  Drawing from typical "sovereign citizen," tax-avoidance ideology, this filing states that it is "a non-negotiable commercial instrument" that

---

[1] *See generally* ECF No. 49.

[2] ECF No. 57.

[3] ECF Nos. 59, 60.

"serves as a lawful and constitutional challenge to this Court's authority to proceed without first proving on the record" a list of "elements."[4]  It concludes by warning that, "[u]nrebutted, this notice shall stand as law and judgment in both private and public record," and that "[f]ailure to respond constitutes" both an "admission that no jurisdiction exists" and a violation of this court's "oath of office and fiduciary duty."[5]  Notions like these are based in sovereign citizen ideology, and the courts have uniformly rejected them as frivolous nonsense.[6]

**IT IS HEREBY ORDERED that:**

- This court will take no action in response to Christensen's "Judicial Notice and Constitutional Challenge."

- That filing has no legal effect on this court.

- Any future filings in this case, other than a properly supported and timely motion under Federal Rule of Civil Procedure 60, will be struck without further advance notice.

_____
U.S. District Judge Jennifer A. Dorsey
September 17, 2025

---

[4] ECF No. 59 at 1 (cleaned up).

[5] *Id*. at 2.

[6] *See United States v. Ward*, 182 F.3d 930 (9th Cir. 1999) (unpublished); *see also United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (noting that sovereign-citizen theories attempting to avoid paying taxes are "silly" or "frivolous"); *Bey v. State of Indiana*, 847 F.3d 559, 559–61 (7th Cir. 2017) (calling a plaintiff's attempt to avoid taxation as a sovereign citizen "frivolous" and noting that "he was lucky to be spared sanctions for filing such a suit"); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (stating that sovereign-citizen "theories should be rejected summarily, however they are presented"); *United States v. Studley*, 783 F.2d 934, 937 n. 3 (9th Cir. 1986) (noting that sovereign-citizen tax arguments have "been consistently and thoroughly rejected by every branch of the government for decades" and that "such utterly meritless arguments [are] now the basis for serious sanctions imposed on civil litigants who raise them").

2